THOMAS STOKES, DEFENDANT IN ERROR, v. ALBERT HARDY, PLAINTIFF IN ERROR.

Argued November 30, 1904—Decided March 20, 1905.

1. The presentation to the Court of Common Pleas, by an insolvent debtor, of a petition for discharge, justifies the court in taking cognizance of the matter and proceeding to its hearing and determination; and the failure to file the petition in the clerk's office does not invalidate the proceedings.

2. An order discharging an insolvent debtor is invalid unless it provides that he shall first make an assignment of his real and personal estate (with the exception of that which is exempted by the act); and this is so notwithstanding that the inventory previously filed by the debtor discloses the existence of no estate whatever.

---

On error to the Supreme Court. For opinion of that court, *see ante* p. 116.

For the plaintiff in error, *Aaron V. Dawes.*

For the defendant in error, *Freeman Woodbridge.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This case originated in the Middlesex Common Pleas, and was an application by Hardy,

the plaintiff in error, for the benefit of the Insolvent Debtors' act. His petition was presented to the court on the 7th of April, 1903, but was not filed in the clerk's office until the 30th of November, it apparently having been retained in the possession of the judge during the intervening period. On the 14th of September the court made an order fixing the time when it would hear what should be alleged for or against the liberation of Hardy, and notice of this order was published once a week, from the 5th of November until the 7th of December, the latter day being that fixed for the hearing. At the hearing counsel for Stokes, the defendant in .error, appeared and objected to the further prosecution of the matter, on the ground that Hardy's petition had not been filed. in compliance with law. The objection was overruled and the hearing proceeded with. At the close of the proceeding the court made an order "that the said Albert Hardy be discharged from confinement on account of debts by him personally contracted, pursuant to the provisions of the above-mentioned act," *i. e.,* the Insolvent Debtors' act. Stokes then sued out a *certiorari* to review this order, and at the hearing on the writ the Supreme Court set the order aside and directed that the bond which had been given by Hardy for the benefit of his creditors should be taken from the files of the court for prosecution.

The grounds of the decision of the Supreme Court are stated in its opinion to be that the proceeding was void— *first,* because of the failure to file the petition in due time; and *second,* because the discharge of the insolvent was ordered without first requiring him to make an assignment of his property in compliance with the provisions of the Insolvent Debtors' act.

The first ground for reversal given by the Supreme Court for its action does not seem to us to justify its action. In the first place, it is to be observed that the Insolvent Debtors' act does not require the petition to be *filed,* but to be *presented* to the court (*Gen. Stat., p.* 1728, § 6) ; and, as appears from the record in this case, there was a strict compliance with the provision of the statute. By the presentation

of the petition, it came into the custody of the court and the insolvent parted with its control. After its presentation the judge who was sitting should, within a reasonable time, have deposited it in the office of the clerk, where the records and files of the court were kept. The failure of the judge to do this during a period of nearly seven months may be conceded to have been a neglect of his official duty, but certainly Hardy was in no way responsible for it. The court very properly refused to punish Hardy for its own failure to deposit the petition. If the delay in filing the petition in the clerk's office was prejudicial to the rights of his creditors, the remedy for that injury was a postponement of the matter for so long a time as would enable the creditors to ascertain what was set out in the petition and to prepare for the hearing.

The second ground upon which the Supreme Court based its decision setting aside the order of discharge cannot be successfully attacked. The eleventh section of the Insolvent Debtors' act requires, as a condition precedent to the insolvent's discharge (in case the facts disclosed at the hearing justify that discharge), that he shall make an assignment, to parties nominated by the court, of all his real and personal estate, except apparel for himself, his wife and children, the tools of his trade and such property as is exempt from execution, and this was not done. The fact that the inventory filed by Hardy disclosed the existence of no property except that which is exempted by the statute, affords no ground for not making the assignment; that instrument operates not only upon the property which is exhibited in the inventory made by the debtor, but upon all other property of which he may be possessed, a disclosure of which he has withheld.

But although we concur in the conclusion reached by the Supreme Court that the order of discharge must be set aside by reason of the failure of Hardy to make an assignment, we consider that the court went too far when it granted leave to the defendant in error to take from the files of the Common Pleas Court, for prosecution, the bond given by Hardy in the insolvency proceedings. The latter was not responsible for the premature making of the order of discharge, but the court.

All that the defendant in error was entitled to ask from the Supreme Court was that the *status quo* should be restored; that, having set aside the order of discharge made by the Court of Common Pleas, the Supreme Court should remit the case to that tribunal, to be there further proceeded with according to law. If Hardy, upon the hearing, had made it plain that he was entitled to his discharge, the act of the court in granting it, without first requiring an assignment to be made by him, ought not to have the effect of entirely depriving him of that right, and of imposing upon the surety on his bond the obligation of paying his debts.

The judgment of the Supreme Court should be reversed, and the record remitted to that court in order that the rule therein entered may be modified to the extent which we have indicated.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON. GARRISON, PITNEY, SWAYZE, BOGERT, VREDENBURGH. VROOM, GREEN.   10.